UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEIDI HAAS,

            Plaintiff,                                    Hon. Paul L. Maloney

v.                                                                    Case No. 1:21-cv-167

ADTEGRITY.COM, INC.,

            Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss.   (ECF No. 12).
Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's
motion be granted in part and denied in part.

## BACKGROUND

In her Complaint, Plaintiff alleges the following.   (ECF No. 1).   Defendant
operates a digital advertising business.   Plaintiff began working for Defendant in
September 2017, eventually earning the position of Account Executive/Media Planner.
In this capacity, Plaintiff "purchased traditional and digital media on behalf of clients,
placing orders into various sectors of the media market, and traveling to meetings with
clients to better understand how to accomplish their objectives."

In June 2018, Plaintiff was diagnosed with breast cancer and underwent a double mastectomy the following month.   Following this surgery, Plaintiff worked from home for approximately three months, after which she returned to working from Defendant's office.   In November 2018, Plaintiff underwent a second surgical procedure, after which she worked at home for approximately three weeks.   Sometime thereafter, Plaintiff's supervisors began referring to her medical leaves as "vacations."   One of Plaintiff's supervisors further accused Plaintiff of being a "whiner."

In February 2019, Plaintiff underwent a third surgical procedure, after which she worked from home.   Plaintiff's doctor subsequently released Plaintiff to return to work subject to the following restrictions: (1) no lifting over ten pounds; (2) "slow movement"; and (3) work from home.   Defendant permitted Plaintiff to work from home for one week after which it required Plaintiff to resume working from Defendant's office.   Defendant later changed course and informed Plaintiff that she could "work from home as needed."   Defendant subsequently changed course again, however, and informed Plaintiff that she would no longer be afforded a work from home accommodation.

In "early 2019," Plaintiff and two other female employees "made formal complaints" to Defendant that one of Plaintiff's supervisors, David Kettler, "discriminated against them based on their gender."   Kettler was required to "apologize to the three female employees for his conduct."   In March 2019, Kettler terminated Plaintiff's role as the "main point of contact" for a significant client.

Plaintiff complained of this circumstance to Defendant's Chief Financial Officer, after which Kettler "screamed" at Plaintiff and told her that he wished she "would be the person [she was] nine months ago [prior to her breast cancer diagnosis]." Plaintiff thereafter submitted a formal complaint regarding Kettler's conduct.

On May 22, 2019, Plaintiff's employment was terminated "due to her job performance." Prior to this date, Plaintiff had not been given "any progressive discipline, counseling, or warnings." Likewise, Plaintiff did not fail to meet any performance standards established by Defendant. Following her dismissal, Defendant failed to pay Plaintiff sales commissions to which she was entitled. Plaintiff initiated the present action alleging violations of: (1) the Family Medical Leave Act (FMLA); (2) Title VII of the Civil Rights Act; (3) Elliot-Larsen Civil Rights Act (ELCRA); (4) the Americans with Disabilities Act (ADA); and (5) Michigan Persons with Disabilities Civil Rights Act (PWDCRA). Defendant now moves for dismissal of Plaintiff's FMLA, ADA, and PWDCRA claims. Defendant also moves the Court to decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff has responded to the present motion.

## **LEGAL STANDARD**

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The Court need not accept as

true, however, factual allegations which are "clearly irrational or wholly incredible."

*Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).   This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."   If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"   *Id.*   As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.   Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

-4-

The burden to obtain relief under Rule 12(b)(6), however, rests with the defendant. *See, e.g., DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  The Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  A motion to dismiss "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief."  *Ibid.*

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also, Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

## ANALYSIS

### I.    Defendant's Submission of Material Outside the Pleadings

In support of its motion, Defendant has submitted and is relying upon an affidavit executed by its President and Chief Executive Officer, Scott Brew.    (ECF No. 13, PageID.73-74).    In his affidavit, Brew asserts that Defendant "did not employ 50 or more people from June 2018 through March 2019," the period of time for which Plaintiff "allegedly sought periods of leave."    (*Id.*).    As discussed below, this assertion is central to Defendant's argument that Plaintiff's FMLA claims be dismissed.

Pursuant to Federal Rule of Civil Procedure 12(d), if a party seeks relief under Rule 12(b)(6), but submits to the Court "matters outside the pleadings," the Court has two options: (1) treat the matter as a motion for summary judgment under Rule 56 or (2) exclude the material in question and treat the matter as a motion to dismiss under Rule 12.    Considering that this case is in its early stages and a Case Management Order has not even been entered, the Court opts for the latter option as any consideration whether summary judgment is appropriate is premature.    Accordingly, the affidavit submitted by Scott Brew will be disregarded and will not be considered by the Court.[1]

---

[1] As discussed below, even were the Court to consider Brew's affidavit, the result would be the same.

-6-

## II.    **Family Medical Leave Act (FMLA)**

The FMLA entitles an "eligible employee to as many as twelve weeks of leave during any twelve-month period if the employee has a serious health condition that makes the employee unable to perform the functions of [her] position." *Boileau v. Capital Bank Financial Corp.*, 646 Fed. Appx. 436, 439 (6th Cir., Apr. 25, 2016) (citations omitted).    An employer can violate an employee's FMLA rights in two ways: (1) interfering with the employee's exercise of her FMLA rights and (2) retaliating against the employee for exercising her FMLA rights.    *Ibid.*    Plaintiff seeks relief under both theories.

To prevail on an interference claim, Plaintiff must establish: (1) she was an eligible employee; (2) Defendant was subject to the FMLA; (3) she was entitled to leave under the FMLA; (4) she provided notice of her intention to take FMLA leave; and (5) Defendant denied her request for FMLA benefits to which she was entitled.    *See Gates v. United States Postal Service*, 502 Fed. Appx. 485, 488-89 (6th Cir., Oct. 16, 2012).

To prevail on her retaliation claim, Plaintiff must establish: (1) she was engaged in an FMLA-protected activity; (2) Defendant knew she was exercising her FMLA rights; (3) Defendant thereafter took an adverse employment action against Plaintiff; and (4) there was a causal connection between her protected activity and the adverse employment action.    *See Gates*, 502 Fed. Appx. at 489.

In support of its motion, Defendant advances two arguments: (1) Plaintiff was not an eligible employee under the FMLA, and (2) Defendant was not subject to the FMLA during the time period in question.

A.    Was Plaintiff an Eligible Employee

As previously noted, on three separate occasions, Plaintiff underwent surgery following which she worked from home for a period of time.   Plaintiff does not expressly state in her complaint that she requested FMLA on these occasions, although that is certainly implied.   Defendant has not argued that Plaintiff fails this element of the analysis.   For present purposes, therefore, the Court will assume that Plaintiff requested FMLA leave on the three occasions in question.

An employee is not eligible for FMLA benefits until she has been employed for twelve months during which time she must have worked at least 1,250 hours.   *See e.g.,* *Allen v. City of Sturgis*, 559 F.Supp.2d 837, 845 (W.D. Mich. 2008).   Defendant argues that because Plaintiff, at the time of her first surgery, had not yet been employed by Defendant for the requisite twelve months, she was not considered an eligible employee under the FMLA.   Plaintiff does not challenge this argument.

Accordingly, to the extent Plaintiff asserts an FMLA claim based upon her initial request, in June 2018, for FMLA leave, the undersigned recommends that Defendant's motion to dismiss be granted.   Defendant does not dispute that, when Plaintiff made her latter two requests for FMLA leave, she had been employed for more than twelve

months.[2]  Thus, any argument that Plaintiff was not an eligible employee when she made her latter two requests for FMLA leave is rejected.

B.    Was Defendant Subject to the FMLA

A private employer is subject to the FMLA only if it employed fifty employees at, or within, 75 miles of an employee's worksite at the time an employee requested FMLA leave.  *See Tilley v. Kalamazoo County Road Commission*, 777 F.3d 303, 310-11 (6th Cir. 2015).  Defendant argues that Plaintiff's FMLA claims must be dismissed because it did not satisfy the 50/75 rule.  The Court is not persuaded.

Plaintiff alleges that Defendant employed the requisite number of employees during the relevant time periods.  Thus, Defendant has not met its burden to obtain relief on this basis.  Moreover, even if Scott Brew's affidavit is considered, the result is the same.  While Brew asserts that Defendant did not employ the requisite number of people, his assertion is not supported by any documentary evidence.  Plaintiff, on the other hand, has presented evidence that Defendant has previously asserted that it did, in fact, employ more than fifty people.  (ECF No. 17, PageID.111-22).  Thus, even were the Court to consider Brew's affidavit, it does not entitle Defendant to relief.

---

[2] Defendant does not dispute that Plaintiff worked more than the necessary 1,250 hours during this time.

### III.    Americans with Disabilities Act (ADA) and Michigan Persons with Disabilities Civil Rights Act (PWDCRA)

The ADA requires employers to make reasonable accommodations for otherwise qualified employees with a disability so long as doing so does not cause "undue hardship" to the employer.   *See E.E.O.C. v. Ford Motor Co.*, 782 F.3d 753, 761 (6th Cir. 2015). This accommodation mandate does not, however, entitle employees to avoid performing any "essential function" of their position.   *Ibid.*   The analysis of Plaintiff's PWDCRA claims "substantially mirrors" that applicable to her ADA claims.   *See Donald v. Sybra, Inc.*, 667 F.3d 757, 764 (6th Cir. 2012).

Defendant argues that Plaintiff's ADA and PWDCRA claims must be dismissed because Plaintiff's request to work from home does not constitute a reasonable accommodation.   Defendant is correct that there exists a "general rule" that "regularly attending work on-site is essential to most jobs, especially the interactive ones . . . ." *Ibid.*   This observation, however, is nothing more than a general rule.   While the exceptions to this general rule may be "few," the authority cited by Defendant acknowledges their existence.   *Ibid.*   Defendant has failed to identify authority establishing that Plaintiff's request to work at home constituted, as a matter of law, an unreasonable accommodation or imposed on Defendant an undue hardship.   While discovery and development of the evidence may establish that Defendant is entitled to relief, at this juncture, Defendant has failed to establish that Plaintiff's claims fail as a

matter of law.   Accordingly, the undersigned recommends that as to Plaintiff's ADA and PWDCRA claims, Defendant's motion to dismiss be denied.

## IV.   State Law Claims

Finally, Defendant requests that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.   As Defendant correctly notes, the Court has the discretion whether to exercise supplemental jurisdiction over Plaintiff's state law claims.   At this juncture, however, the Court finds lacking any persuasive justification for dismissing Plaintiff's state law claims.   Accordingly, the undersigned recommends that Defendant's request to dismiss Plaintiff's state law claims be denied without prejudice.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Dismiss (ECF No. 12) be granted in part and denied in part.   Specifically, the undersigned recommends that Plaintiff's FMLA claim, based upon her June 2018 leave request, be dismissed, but that Plaintiff's claims otherwise all proceed forward.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: August 23, 2021

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge